UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Rachael Baker,

Plaintiff,

v.

Maria Santo, *et al.*,

Defendants.

Case No. 3:26-cv-69

MEMORANDUM OPINION AND ORDER

## I. INTRODUCTION

*Pro se* plaintiff Rachael Baker filed this civil rights action under 42 U.S.C. § 1983 against Hardin County, Ohio Domestic Relations Judge Maria Santo; Hardin County Domestic Relations Magistrate Teresa Glover; Mark E. G. Davis, attorney and court-appointed Guardian ad Litem ("GAL"); Stephanie Epling, Hardin County Clerk of Courts; Attorney Andrew Bruce Benchic, and Attorney Kyle Ramge Phillips. (Doc. No. 1). Plaintiff also filed an application to proceed *in forma pauperis*, (Doc. No. 2), and an emergency motion for temporary restraining order and preliminary injunction. (Doc. No. 3).

Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is granted. But for the following reasons, Plaintiff's motion for emergency relief and preliminary injunction, (Doc. No. 3), and her motion to compel the production of certain state court records, (Doc. No. 4), are denied, and this action is dismissed.

## II. BACKGROUND

Plaintiff's Complaint concerns state court proceedings in the Hardin County Domestic Relations Court. She claims that during these proceedings, Defendants imposed financial barriers to her access to the courts by imposing filing fees for each document filed, requiring participation in a payment plan to fund the Guardian ad Litem, and requiring co-parent communication through a third-party communication application that required a monthly fee, despite Plaintiff's "documented indigency." (Doc. No. 1 at 4-5).

Plaintiff also claims that a scheduled hearing date was continued without adequate notice; she was subjected to civil or criminal contempt proceedings, or both; that "notwithstanding Plaintiff's documented indigency and the potential for loss of liberty," no public defender was appointed for the contempt proceedings; her confidential financial information was disclosed to the GAL without her consent; and the GAL repeatedly contacted her through email without her consent. (*Id.*). Plaintiff alleges Defendants' actions constituted a violation of her due process rights, a denial of her right to access to the courts, a civil conspiracy "to enforce unconstitutional procedures, ratify unlawful practices, and impose coercive economic penalties," and retaliation. (*Id.* at 6).

Plaintiff seeks an order declaring that Defendants' actions violated the Fourteenth Amendment. She also seeks to prohibit: (1) Defendants from proceeding with hearings involving Plaintiff "unless and until indigency is meaningfully acknowledged"; (2) Defendants from imposing or enforcing filing fees, transcript fees, GAL costs, and other "financial barriers"; and (3) Defendants from retaliating against Plaintiff for asserting her constitutional rights. (*Id.* at 7). Plaintiff also contends Defendants should be required to implement procedures "ensuring meaningful access to the courts for indigent litigants" and to recognize her "fundamental right to

direct her children's upbringing and education." (*Id.*). Finally, Plaintiff requests unspecified monetary relief.

## III. STANDARD

Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citation and quotation marks omitted). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, I must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## IV. ANALYSIS

To the extent Plaintiff seeks to overturn a state court judgment and issue judgment in her favor, this Court lacks jurisdiction to do so. The *Rooker-Feldman* doctrine prohibits federal court review of a state-court judgment that a party claims violated his or her federal rights. *Berry v. Schmitt*, 688 F.3d 290, 298-99 (6th Cir. 2012). Federal appellate review of state court judgments can occur only in the United States Supreme Court. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). *See also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005).

The *Rooker-Feldman* doctrine applies when a party who lost in state court initiates an action in federal court complaining of an injury caused by the state court judgment itself and seeking review and rejection of that judgment. *Berry*, 688 F.3d 298-99; *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). To determine whether *Rooker-Feldman* bars a claim, a court must look to the "source of the injury the plaintiff alleges in the federal complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006); *see also Berry*, 688 F.3d at 299. If the source of the plaintiff's injury is the state court judgment itself, then the *Rooker-Feldman* doctrine bars the federal claim. *McCormick*, 451 F.3d at 393. "If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id.*; *see Lawrence v. Welch*, 531 F.3d 364, 368-69 (6th Cir. 2008). In conducting this inquiry, a court also considers the plaintiff's requested relief. *Evans v. Cordray*, 424 F. App'x. 537, 539-40 (6th Cir. 2011).

Here, the source of Plaintiff's alleged injury appears to be Judge Santo's and Magistrate Glover's orders concerning Plaintiff's parental rights proceedings. And Plaintiff asks the Court to review the decisions made in the course of the proceedings in the Hardin County Domestic Relations Court, vacate the state court orders, and enter judgment in her favor. Pursuant to *Rooker-*

*Feldman*, this Court lacks jurisdiction to review the state court judgments of the Hardin County Domestic Relations Court and to grant Plaintiff's requested relief.

And to the extent Plaintiff's state court proceedings are still pending, this Court must abstain from hearing challenges to those proceedings. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). When an individual is the subject of an ongoing state action involving important state matters, she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-45 (6th Cir. 1988). If the state defendant files such a case, the *Younger* abstention requires the federal court to defer to the state proceeding. *Id.*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987).

Based on these principles, abstention is appropriate where: (1) the state proceedings are ongoing, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford the plaintiff with an adequate opportunity to raise federal claims. *Leveye v. Metro. Pub. Def. Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (citing *Younger*, 401 U.S. at 43-45). Abstention is mandated where federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44. Additionally, the principles expressed in *Younger* apply to ongoing state civil and criminal proceedings. *Watts*, 854 F.2d at 844.

Regarding the third requirement of *Younger*, the relevant inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430 (1979). The plaintiff bears the burden of demonstrating that state procedural law bars presentation of his claims. *Pennzoil Co.*, 481 U.S. at 14.

When a plaintiff has not attempted to present his or her federal claims in the state court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Id.* at 15; *see also Szarell v. Summit Cnty. Ct. of Common Pleas*, No. 5:18 CV 2975, 2019 WL 3946191, at *3 (N.D. Ohio Aug. 21, 2019) (third factor

of the *Younger* abstention was satisfied where the plaintiff failed to allege in the pleadings that the state court proceedings did not or could not provide her with an opportunity to present her federal claim).

Here, if the state court proceedings in the Hardin County Domestic Relations Court are still pending, all three factors supporting abstention are present. State court proceedings involving parental rights implicate important state interests. *See Butterfield v. Steiner*, No. C2-01-1224, 2002 WL 31159304, at *6 (S.D. Ohio Sept. 5, 2002) ("Federal courts have consistently recognized that matters relating to domestic relations cases and child custody disputes implicate important state interests.") (citing *Moore v. Sims*, 442 U.S. 415 (1979)) (further citations omitted). And there is no suggestion in the Complaint that any purported claim in this lawsuit is barred in the state action. Therefore, I conclude this Court must abstain from interfering with Plaintiff's pending state court proceedings in the Hardin County Domestic Relations Court.

## V. CONCLUSION

For the reasons stated above, I grant Plaintiff's motion to proceed *in forma pauperis*, (Doc. No. 2), and deny Plaintiff's motion for emergency relief and preliminary injunction, (Doc. No. 3), and her motion to compel. (Doc. No. 4).

Further, all proceedings in this case are stayed pending the conclusion of Plaintiff's state court proceedings, including all appeals of the judgment in that case. *See Gray v. Bush*, 628 F.3d 779, 785 (6th Cir. 2010) ("In the context of a complaint seeking 'both equitable [relief] and money damages,'. . .'a federal court's discretion to abstain from exercising jurisdiction does not extend so far as to permit a court to dismiss or remand, as opposed to stay, an action at law.'") (quoting *Superior Beverage Co., Inc. v. Schieffelin & Co.*, 448 F.3d 910, 913-14 (6th Cir. 2006)). This case is administratively closed, subject to reopening upon a written motion to reopen filed by Plaintiff demonstrating that her state court case and all appeals in that case have been resolved or concluded.

No claims or defenses are waived as a result of the stay. Because this case is stayed, from this point forward, the only motion that the Court will entertain is a motion to reopen that demonstrates that the state court case (including all appeals) has been resolved. Until a motion to reopen is granted, I will not consider any other filings, and the Clerk's Office is directed to return any documents submitted for filing other than a motion to reopen.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge